IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIUS A. STINSON, | § | |
| | § | No. 199, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1311006236 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 31, 2017
Decided: July 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 21st day of July 2017, after careful consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)   The appellant, Julius A. Stinson, filed this appeal from the Superior Court's order of May 2, 2017, sentencing him for a violation of probation. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Stinson's opening brief that the appeal is without merit. We agree and affirm.

(2) On August 4, 2014, Stinson appeared in the Superior Court to plead guilty to two counts of second degree robbery. On October 31, 2014, the Superior Court sentenced Stinson to a total of ten years of Level V incarceration suspended after three years for two years of Level IV supervision suspended after nine months for Level III probation.

(3) Stinson has violated probation four times. This appeal is from the sentence imposed for his fourth violation of probation ("VOP"). Stinson did not request the transcript for the appeal.

(4) For the first VOP, Stinson was sentenced, on September 20, 2016, to a total of seven years at Level V suspended after three months for supervision at Level IV Home Confinement followed by Level III probation. For the second VOP, Stinson was sentenced, on December 13, 2016, to a total of six years and nine months at Level V suspended after six days for supervision at Level IV Work Release and Level III probation. For the third VOP, Stinson was sentenced, on March 21, 2016, to a total of six and one-half years at Level V suspended for supervision (weekends only) at the Level IV VOP Center and Level III probation. On March 31, 2017, the March 21 sentence was modified to change the supervision at Level IV from the VOP Center to the Plummer Center.

(5) On May 2, 2017, the Superior Court sentenced Stinson, on his fourth VOP, to a total of six years at Level V suspended after nine months for eighteen

months of Level IV supervision in whatever setting the Department of Correction deemed appropriate, suspended after six months, with no probation to follow. This appeal followed.

(6)     On appeal, Stinson argues that the Superior Court abused its discretion when imposing Level IV supervision as part of the May 2 sentence because, as his violation history reflects (and for various reasons), he is unable to complete either supervision at Level IV or Level III probation without committing a violation. Stinson asks this Court to modify the May 2 sentence to remove the Level IV component so that he serves only nine months at Level V with nothing further to follow.

(7)     We find no basis to reverse the Superior Court's judgment in this case. In Delaware, once a violation of probation is established, the sentencing court has discretion to require the probationer to serve the original sentence imposed or any lesser sentence.[1] If the sentence is within statutory limits, the sentence will not be disturbed on appeal unless the probationer can establish that the sentencing judge relief on impermissible factors or exhibited a closed mind.[2]

(8)     In this case, the sentence imposed on May 2, 2017 was well within the legal limits, and Stinson does not contend that the judge relied on impermissible

---

[1] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 *Del. C.* § 4334(c)).
[2] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

factors or had a closed mind. Even if Stinson had raised such an argument, this Court has no adequate basis to review it. As the appealing party, the burden was on Stinson to request and provide the Court with the transcript necessary to give the Court an adequate context to review the claim of error.[3] Without the transcript of the May 2, 2017 sentencing, we are unable to review any claim that the sentence was imposed on the basis of impermissible factors or a closed mind.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *Martin v. State*, 2016 WL 552686 (Del. Feb. 10, 2016).
[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

4